The Law Offices of Geng & Zhang PLLC
Fuqiang Zhang (FU 0281)
39-07 Prince Street, Suite 3E                                  Return Date To Be Set By Court
Flushing, NY 11354
Tel.: 718-321-7130
Fax.: 718-569-6878
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
YANG LI and CHUN ZHOU LI,

                Plaintiffs,                **NOTICE OF MOTION FOR**
                                                          **SUMMARY JUDGMENT**
   - against -                           **PURSUANT TO R. 56**

YA YI CHENG, PING YANG, and LUCKY GRAND
HUNAN CHINESE RESTAURANT, INC., OPERATING
UNDER THE TRADE NAME "LUCKY GRAND
HUNAN CHINESE RESTAURANT",          Civil Action No.: 10-4664 (JBW) (CLP)

                Defendants.
-----------------------------------------------------------------x

      NOTICE IS HEREBY GIVEN that on a date to be determined by the Court, defendants Ya Yi Cheng, Ping Yang, and Lucky Grand Hunan Chinese Restaurant, Inc., by their attorneys the Law Offices of Geng & Zhang PLLC, will move this Court, at the Untied States Courthouse, located at 225 Cadman Plaza, Brooklyn, New York, Courtroom 13B, for an order pursuant to Rule 56 of the Federal Rules of Civil Procedure, granting summary judgment dismissing the plaintiffs' Complaint in its entirety for lack of federal subject matter jurisdiction and granting to the defendants such other relief as may be appropriate.

The Law Offices of Geng & Zhang PLLC
Fuqiang Zhang (FU 0281)
39-07 Prince Street, Suite 3E
Flushing, NY 11354
Tel.: 718-321-7130
Fax.: 718-569-6878
Attorneys for Defendants

Return Date To Be Set By Court

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
YANG LI and CHUN ZHOU LI,

                Plaintiffs,

    - against -

YA YI CHENG, PING YANG, and LUCKY GRAND
HUNAN CHINESE RESTAURANT, INC., OPERATING
UNDER THE TRADE NAME "LUCKY GRAND
HUNAN CHINESE RESTAURANT",

                Defendants.
-------------------------------------------------------------------x

**DEFENDANTS' STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1**

Civil Action No.: 10-4664 (JBW) (CLP)

      Defendants Ya Yi Cheng, Ping Yang, and Lucky Grand Hunan Chinese Restaurant, Inc., by their attorneys, the Law Offices of Geng & Zhang PLLC, submit the following statement of material facts in support of their motion for summary judgment dismissing plaintiffs' Complaint in its entirety.

1. At all relevant times, Defendant Lucky Grand Hunan Chinese Restaurant, Inc. ("LUCKY") was a corporation duly formed under the laws of the State of New York, with a principal place of business located at 2347 86 Street, Brooklyn, NY 11214.

2. In Fall of 2009, plaintiffs Yang Li and her husband Chun Zhou Li approached defendant Ping Yang and Ya Yi Cheng with plans to open a Chinese restaurant in Brooklyn, New York.

3.  The total cost of investment required approximately $150,000. Plaintiffs Yang Li and Chun Zhou Li initially promised to invest $50,000, and defendant Ping Yang and Ya Yi Cheng were to invest the remaining $100,000.

4.  By the time the restaurant opened for business toward the end of 2009, plaintiffs had only invested $15,000 out of the $50,000 that they had originally agreed to invest. They claimed they could not afford the remaining $35,000 cash investment.

5.  Defendant Ping Yang and Ya Yi Cheng provided the remainder of the necessary funds to open the restaurant, based on plaintiffs' oral promise to remit the remaining $35,000 from profits they would hopefully earn from the restaurant's operations. Defendants commiserated with plaintiffs' situation and agreed to their request.

6.  For the purpose of managing the restaurant, the parties incorporated Lucky in November 25, 2009. Prior to the incorporation, defendant Ya Yi Cheng had taken charge of finding a suitable location for the restaurant and signed the lease for the premises in his own name.

7.  As part of the parties' agreement, all four shareholders were to work at the restaurant without pay in order to cut down on costs. Plaintiff Yang Li worked as a food server, plaintiff Chun Zhou Li worked as a chef, defendant Ping Yang worked as a greeter and cashier, and defendant Ya Yi Cheng worked as general manager. However, it soon became clear that the business at the restaurant was not as good the parties had hoped. In fact, revenues barely covered costs. Plaintiffs then demanded that they each receive a salary from Lucky to cover their own daily living expenses as they claimed they had no alternative sources of income.

8.  After a discussion among the four of shareholders, it was agreed that plaintiff Yang Li would receive a salary based on the applicable minimum wage for her time spent

working in the restaurant. Thus, beginning from March 7, 2010, plaintiff Yang Li received a salary in the amount of $290.00 per week. A copy of the record of the salary plaintiff Yang Li received is attached hereto as Exhibit C. Plaintiff Chun Zhou Li, however, was NOT to receive any salary. He agreed to invest his "sweat equity" into the business.

9.  It should also be noted that defendant Ya Yi Chen had personally rented the entire two-store structure in which the restaurant was located. The structure is a mix-use building with living quarters on the second floor and the restaurant on the first floor. Defendant Ya Yi Cheng had rented the second floor for employees of the restaurant who chose to rent rooms upstairs for the sake of convenience. Plaintiffs chose to rent the master bedroom on the second floor; however, due to insufficient funds on their part, defendant Ya Yi Chen had generously agreed to allow plaintiffs to pay back the rent after they had earned income from their investment in the restaurant. A copy of the Lease for the premises is attached hereto as Exhibit D.

10. From November, 2009 to June, 2010, the restaurant had continually been operating at a loss. Revenue was substantially less than the cost and expenses. As a result, none of the shareholders, including the plaintiffs, were able to receive any profits from their respective initial investments. At the same time, however, plaintiffs also refused to remit the remaining $35,000 dollars from their originally agreed investment of $50,000.

11. By middle of June, 2010, plaintiffs unreasonably demanded that defendants Ping Yang and Ya Yi Cheng allow them to abandon their interest in Lucky and to allow them to continue to work at Lucky as employees. Defendant Ya Yi Cheng refused their demand on the ground that they breached their original agreement by failing to invest the remaining $35,000.00, the failure of which put overbearing financial strain on the

3

restaurant. They also failed to bear their share of the burden on the losses incurred by Lucky, not to mention the fact that plaintiff Yang Li was the ONLY shareholder out of the four who had received a salary for the time worked in the restaurant.

12. As a result of refusal of their demand to buy out their share of Lucky and return their investment, plaintiffs Yang Li and Chun Zhou Li moved out of the bedroom on the second floor without giving defendants any notice and never returned to work at the restaurant. They blatantly breached their investment agreement, and never paid rent for the five months lodging in the master bedroom on the second floor.

13. At all relevant times, Lucky had been operating at a loss. At no time did Lucky generate gross revenue in excess of $500,000.00 per annum. A copy of Lucky's income tax returns for the years 2009 and 2010 are collectively attached hereto as Exhibit E.

14. Due to overwhelming financial burden and the inability of Lucky's revenue to off set its costs and expenses, defendants were forced to sell the assets of Lucky in bulk in order to satisfy its liabilities. Defendants had notified the plaintiffs of the time and place for the shareholders' meeting held to vote on the sale of Lucky's assets, however, plaintiffs did not appear at the meeting. A copy of Lucky's bill of sale is attached hereto as Exhibit F.

15. At all relevant times, Lucky consisted solely and entirely of a small, take-out style restaurant with a limited menu, a lunch counter and several tables, all located at 2347 86 Street, Brooklyn, NY 11214. Lucky did not conduct any other business at any time from any other location.

16. From Lucky's tax returns, it is obvious that Lucky's gross sales revenue never exceeded $136,000.00 per annum.

17. Lucky served lunch, dinner, and related simple foods and beverages to walk in customers. Lucky also delivered lunch, dinner and related simple foods and beverages to local neighborhood customers in Brooklyn who telephoned in take-out delivery orders.

18. Lucky never received a take-out delivery order from or delivered a take-out delivery order from or delivered a take-out delivery order to an out-of-state customer.

19. Lucky purchased all of its supplies from local New York City vendors.

20. Lucky did not purchase its restaurant supplies from out-of-state suppliers.

21. The plaintiffs never communicated with out-of-state businesses or delivered food to out-of-state customers.

22. The defendants have valid and independent counterclaims against the plaintiffs, as the Court will note from its file. We wish these claims to be continued before this Court, after dismissal of plaintiffs' Complaint on the merits. However, if the Court seeks to dismiss the Counterclaims, the Court should not do so on the merits, and should dismiss without prejudice, so that defendnats' underlying claims can be asserted in state court.

Dated:   March 22, 2011
         Flushing, NY 11354

_____
Fuqiang Zhang (FU0281)

5

The Law Offices of Geng & Zhang PLLC
Fuqiang Zhang (FU 0281)
39-07 Prince Street, Suite 3E
Flushing, NY 11354
Tel.: 718-321-7130
Fax.: 718-569-6878
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
YANG LI and CHUN ZHOU LI,

                  Plaintiffs,             Civil Action No.: 10-4664 (JBW) (CLP)

   - against -

YA YI CHENG, PING YANG, and LUCKY GRAND
HUNAN CHINESE RESTAURANT, INC., OPERATING
UNDER THE TRADE NAME "LUCKY GRAND
HUNAN CHINESE RESTAURANT",

                  Defendants.
-------------------------------------------------------------------x


# DEFENDANTS' MEMORANDUM OF LAW
# IN SUPPORT OF MOTION FOR SUMMARY
# JUDGMENT UNDER FRCP RULE 56

## STATEMENT OF FACTS

Defendants Ya Yi Cheng and his wife Ping Yang were approached by Plaintiffs Yang Li and her husband Chun Zhou Li in fall of 2009 with a plan to open a restaurant in Brooklyn, New York. The business plan called for a total investment of $150,000. It was orally agreed by and between the parties that plaintiffs will invest a total of $50,000 and defendants will be responsible for remaining $100,000. Once the parties agreed on the business plan, the four shareholders incorporated LUCKY GRAND HUNAN CHINESE RESTAURANT, INC. (hereinafter LUCKY) for the purpose of managing the restaurant, with its principal place of business located at 2347 86 Street, Brooklyn, New York. Defendant Ya Yi Cheng took charge of finding a suitable location for the restaurant and signed the lease for the premises under his own name. In November of 2009, LUCKY was open for business operating under the name "Lucky Grand Hunan Chinese Restaurant."

By the time LUCKY was open and operational, plaintiffs had only invested $15,000 out of the originally promised $50,000. Plaintiffs claimed that they were unable to afford the entire amount and will invest the remaining $35,000 from profits they would hope to earn from LUCKY's operations. Defendants commiserated with plaintiffs' situation and agreed to their request. As a further act of generosity, defendants had allowed plaintiffs to rent the master bedroom on the second floor of the building in which the restaurant was located (Defendant Ya Yi Cheng had leased a two-store structure for the purpose of the restaurant, including the first floor for the restaurant and the second floor as living quarters rented out to employees of the restaurant.)
Plaintiffs agreed to pay back the rent for the bedroom when they earn profit from their respective share of the investment.

As part of the original agreement, all four shareholders agreed to work for no pay in the restaurant in order to cut down costs. Each shareholder assumed a position in the restaurant. In March of 2010, plaintiffs demanded that they each be given a salary by LUCKY to cover their own

2

basic living expenses because they claim they have no other sources of income. After a discussion between the parties, it was agreed that plaintiff Yang Li would receive a weekly income of $290.00. Plaintiff Chun Zhou Li agreed to NOT receive any salary, instead he would invest his "swear equity" back into the business.

Since its inception, LUCKY had been operating at a loss. Its costs and expenses far outpaced its gross revenue. As a result, no of the shareholders was able to earn any profit on their respective shares. In June of 2010, plaintiffs demanded that defendants allow them to abandon their interest in LUCKY and to allow them to continue to work in LUCKY as employees.

Their demand was rejected by defendants on the ground that they had breached the original agreement by failing to invest the remaining $35,000, which placed further financial stress on the operations of LUCKY, and plaintiffs had not assumed their share of the burden for LUCKY's losses thus far. As a result of defendants denial of plaintiffs' request, plaintiffs moved out of their master bedroom without any notice to defendants and never returned to work.

Defendants were forced to sell assets of LUCKY in bulk due to increasing financial burdens as a result of LUCKY's inability to generate a profit. Prior to the sale, defendants had notified plaintiffs of time and place for a shareholders' meeting to vote on the sale of the LUCKY's assets. Plaintiffs will not appear at this meeting.

During the period if which LUCKY was operational, its gross sales never exceeded $136,000. It was a simple take-out style restaurant who had a limited menu and catered to the local residents of Brooklyn, New York. It purchased all of its supplies from local New York City vendors, none of its supplies nor its goods was ordered from nor sold to out-of-state vendors or clients.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact

3

and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). One of the primary purposes of this Rule "is to isolate and dispose of factually unsupported claims." Celotox Corp., 477 U.S. at 323-24. The substantive law of the action determines which facts are material and "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1988) (internal citations omitted); Konikoff v. Prudential Ins. Co. of Am., 234 F.3d 92, 97 (2d Cir. 2000). "The moving party is 'entitled to a judgment as a matter of law' . . . [where] the nonmoving party has failed to make a sufficient showing on an essential element of . . . [the] case with respect to which ... [the nonmoving party] has the burden of proof." Celotex Corp., 477 U.S. at 323.

"Once a moving party has made an initial showing that no genuine issue of material fact remains, the nonmoving party may not refute this showing solely by means of conclusory allegations, conjecture, and speculation, but must instead present specific evidence in support of its contention that there is a genuine dispute as to material facts." Fed. R. Civ. P. 56(e); Niagara Mohawk Power Corp. v. Jones Chem., Inc., 315 F.3d 171, 175 (2d Cir. 2003). "A court [will] resolve all ambiguities and draw all factual inferences in favor of the nonmovant, but only if there is a genuine dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007); In re Novartis Wage & Hour Litig., 593 F. Supp. 2d 637, 647 (S.D.N.Y. 2009). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Scott, 550 U.S. at 380 (emphasis in original).

In the instant action, there are no genuine issues of material facts. The material facts are simple, clear and undisputed.

4

## STANDARD OF REVIEW UNDER THE
## FEDERAL LABOR STANDARD ACT

The FLSA requires that an employer pay minimum wages and an overtime wage of not less than one and one-half times the regular rate for hours worked in excess of 40 hours in a single work week if an employee is either (1) employed by an enterprise engaged in commerce or in the production of goods for commerce, or (2) engaged in commerce or in the production of goods for commerce. 29 U.S.C. §§ 206, 207(a)(1) (2007, 2000). The two categories are commonly referred to as "enterprise" and "individual" coverage, respectively. Tony & Susan Alamo Found. v. Sec'y of Labor, 471 U.S. 290, 295 n.8 (1985); Jacobs v. N.Y. Foundling Hosp., 577 F.3d 93, 96 (2d Cir. 2009).

The employee bears the burden of establishing the jurisdictional prerequisite of either enterprise or individual coverage. Boekemeier v. Fourth Universalist Soc'y in the City of New York, 86 F. Supp. 2d 280, 285 (S.D.N.Y. 2000) ("Interpretation of the FLSA [presents] a federal question and determines the court's jurisdiction over the current case."). The burden then shifts to the employer to establish a specific exemption. Reiseck v. Universal Communs. of Miami, Inc., No. 09—CV-1632, 2010 U.S. App. LEXIS 497; 29 C.F.R. § 779.101 (1970).

A.   Enterprise Coverage

The FLSA covers an " 'enterprise' engaged in commerce or in the production of goods for commerce" where (1) employees engaged in commerce or in the production of goods for commerce, or employees handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce by any person, and (2) the enterprise has no less than $500,000 in annual gross volume of sales made or business done. 29 U.S.C. § 203(s)(1)(A).

It is conceded by the Defendants that Lucky Grand Hunan Chinese Restaurant Inc. (hereinafter "Lucky") is an enterprise where it is an entity engaged in commercial activities,

5

performed through unified operation and/or common control, and for a common business purpose. In addition, it is also conceded that employees of Lucky had handled goods or materials, (i.e. retail sales of cooked meals) that have been moved in or produced for commerce, but not interstate commerce.

However, the annual commercial income of Lucky at no time met or exceeded $500,000. The FLSA does not apply to an entity that has less that $500,000 in annual gross volume of sales made or business done. Lucky's corporate income tax returns for the years of 2009 and 2010 (see Exhibit E of Defendant YA YI CHENG's affidavit in support of the instant motion) irrefutably shows that at all relevant times, Lucky did not generate a gross income of $500,000 or more. In fact, according to these income tax returns, Lucky had been operating at a loss since its inception.

Plaintiffs have failed to make a sufficient showing on one of the three essential elements of enterprise coverage with respect to which plaintiffs had the burden of proof, i.e. the financial threshold. Defendants are entitled to summary judgment on this jurisdictional prerequisite because the FLSA does not apply to an enterprise that has less than $500,000 in annual gross volume of sales or business done.

B.  Individual Coverage

The FLSA can cover an employee "engaged in commerce or in the production of goods for commerce" regardless of whether the employer constitutes an enterprise. 29 U.S.C. § 207(a)(1); Xelo v. Mavros, No. 03—CV-3665, 2005 U.S. Dist. LEXIS 21588, at *2 (E.D.N.Y. Sept. 29, 2005). ("Where a business fails to meet the enterprise requirements of the FLSA . . . a plaintiff's FLSA claim can survive summary judgment only if the plaintiff was engaged in commerce or in the production of goods for commerce."). An employee engages in commerce by "performing work involving or related to the

interstate movement of persons or things (whether tangibles or intangibles, and including information and intelligence)" 29 C.F.R. § 779.103 (1970). This must be "a 'substantial part' of the employee's work." Boekemeier, 86 F. Supp. 2d at 287. The employee must be "so closely related to the movement of the commerce as to be a part of it," as opposed to simply performing activities that "affect or indirectly relate to interstate commerce." Id. (quoting McLeod v. Threlkeld, 319 U.S. 491, 497 (1943)).

The United States Department of Labor also provides custodial employees with a specific ground for individual coverage where the employee "perform[s] maintenance and custodial work on the machinery, equipment, or premises where goods regularly are produced for commerce or from which goods are regularly shipped in interstate commerce." 29 C.F.R. § 779.116 (1970).

The FLSA does not cover plaintiff Yang Li as an individual employee engaged in commerce or in the production of goods for commerce. Lucky was a Chinese restaurant located in the heart of Brooklyn, New York which catered to local residents. As a server at Lucky, plaintiff Yang Li mainly served clients who ate at the restaurant. There is no evidence to demonstrate that plaintiff Yang Li had participated in the *production* of goods which crossed state line, nor did she take any orders from out-of-state clients.

Plaintiff Yang Li fails to make a sufficient showing on the essential elements of individual coverage with respect to which plaintiff Yang Li had the burden of proof. Defendants are entitled to summary judgment on this jurisdictional prerequisite because the FLSA does not cover plaintiff Yang Li as an individual employee engaged in commerce or in the production of goods for commerce.

Plainitff Chun Zhou Li was never an employee of Lucky. He was at all times an investor who invested cash into the restaurant's operation, and who invested his "Sweat Equity." Therefore the FLSA does not apply to him. Defendants are entitled to summary judgment dismiss Chun Zhou Li's Complaint.

7

## SUPPLEMENTAL JURISDICTION

In the event this Court determines that defendant's Motion for Summary Judgment is appropriate with respect to he federal claims brought under the FLSA, this Court should decline to exercise supplemental jurisdiction under 28 U.S.C. §1367 with respect to plaintiffs' remaining claims brought under the New York State Labor Law. "In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998).

## CONCLUSION

For all of the foregoing reasons, defendants' Motion for Summary Judgment should be granted in its entirety and the Complaint dismissed with prejudice, with attorney's fees, costs and disbursements awarded to defendants. Defendants' counterclaims should be continued before this Court, otherwise dismissed without prejudice to asserting them in the state courts of New York.

Dated:     March 22, 2011
           Flushing, NY

                                    LAW OFFICES OF GENG & ZHANG PLLC

                                    By:_____
                                        Fuqiang Zhang (FU0281)
                                        Attorneys for Defendants
                                        39-07 Prince Street, Sutie3E
                                        Flushing, NY 11354

To:   Law Offices of Vincent S. Wong
      Vincent S. Wong
      39 East Broadway, Suite 304
      New York, NY 10002

The Law Offices of Geng & Zhang PLLC
Fuqiang Zhang (FU 0281)
39-07 Prince Street, Suite 3E
Flushing, NY 11354
Tel.: 718-321-7130
Fax.: 718-569-6878
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
Yang Li and Chun Zhou Li,

                     Plaintiffs,

    - against -

Ya Yi Cheng, Ping Yang, and Lucky Grand Hunan
Chinese Restaurant, Inc., operating under the trade
name "Lucky Grand Hunan Chinese Restaurant",

                     Defendants.
-----------------------------------------------------------------x

Civ No. 10-4664 (JBW) (CLP)

AFFIRMATION OF
SERVICE

I, Chongyi Mao, affirm under the penalty of perjury:

    I am an attorney duly licensed to practice law in the State of New York. I am not a party to this action, over 18 years of age and reside in Brooklyn, New York. On March 26, 2011, I caused to be served a true copy of defendants' Motion for Summary Judgment and defendant Ya Yi Cheng's affidavit in support of defendants' Motion for Summary Judgment, by placing these papers in the U.S. Mail, postage prepaid, addressed to plaintiffs' attorney at:

    Vincent S. Wong, Esq.
    Law Offices of Vincent S. Wong
    Attorneys for Plaintiffs
    39 East Broadway, Suite 304
    New York, NY 10002

Dated: Flushing, NY
        March 26, 2011

                                                            Chongyi Mao