**UNITED STATES DISTRICT COURT**
Eastern District of New York

---

Yang Li and Chun Zhou Li,

        *Plaintiffs*

v.

Ya Yi Cheng, Ping Yang, and Lucky Grand Hunan Chinese Restaurant, Inc., operating under the trade name "Lucky Grand Hunan Chinese Restaurant"

        *Defendants*

Civil Action No.

CV-10-4664

**AMENDED OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

Plaintiffs, Yang Li and Chun Zhou Li, by their undersigned attorneys, the Law Offices of Vincent S. Wong, oppose the Defendants' Motion for Summary Judgment.

## FACTS OF THE CASE

1. Beginning the January 2010, the Plaintiffs began their employment with the Defendants at their restaurant operating under the trade name "Lucky Grand Hunan Chinese Restaurant" located at 2347 86th Street, Brooklyn, NY 11214.

2. From January 2010 to June 2010, the Plaintiff Yang Li was employed as a server from approximately while the Plaintiff Chun Zhou Li was employed as a chef.

3. The Plaintiff Yang Li received a salary of $2,600 per month, however she was not paid for the first and last months of her employment.

4. The Plaintiff Chun Zhou Li never received his promised salary of $3,400 per month during his period of employment. He continued to work at the

restaurant for a period of six months before the financial burden of working without any compensation became too much.

5. The Plaintiffs were discharged in June 2010 when they requested their back wages and demanded that their wages be paid regularly.

6. On November 22, 2010, the restaurant was sold by the Defendant Ya Yi Cheng.

## ARGUMENT

7. Summary judgment is only appropriate when "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Summary judgment is appropriate only if, construing the evidence in the light most favorable to the non-moving party, no genuine issue of material fact remains to be resolved by a jury." *Kronisch v. US*, 150 F.3d 112 (2nd Circuit, 1998); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–50 (1986). The Court does not seek "resolve disputed issues of fact but determine whether genuine issues of fact exist to be resolved at trial." *Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 83–84 (2nd Circuit, 1998).

8. In the above-entitled action, there is a genuine issue to a material fact in the case. The Defendants repeatedly assert that the restaurant does not meet the $500,000 in gross volume of sales or business done. The Defendants relays only on their own self-interested affidavits, tax documents, and summaries of supposed sales. Furthermore, the restaurant is a cash business that operated from January 2010 throughout the year

until November 22 of that year when it was sold by the Defendant Ya Yi Cheng. Valuation of the business income in a cash business based on the above sources is hardly conclusive.

9. "[T]he party opposing the motion for summary judgment bears the burden of responding *only after* the moving party has met its burden of coming forward with proof of the absence of any genuine issues of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 321 (1986) *citing Catrett v. Johns-Manville Sales Corp.*, 756 F.2d 756 (Court of Appeals, District of Columbia Circuit, 1985) (emphasis in the original).

10. In the above-entitled action, the Defendants have failed to provide proof of the absence of any genuine issues of material fact. The self-interested affidavits, tax documents, and summaries of supposed sales of the Defendants do not conclusively establish the lack of any genuine issues of material fact. The jurisdiction of the Court through the Fair Labor Standards Act 29 U.S.C. §§ 206, 207(a)(1), which determines whether an employee is employed by an enterprise engaged in commerce.

11. The Defendants have continued to fail to provide their business records relating to the profits and sales of goods by the restaurant as requested by the Plaintiffs in discovery. Rather, the Defendants have produced only their tax records and summaries of their business sales. In *Kronisch v. US*, 150 F.3d 112 (2nd Cir. 1998), the Second Circuit applied the adverse inference rule:

> The failure or refusal to produce a relevant document, or the destruction of it, is evidence from which alone its

> contents may be inferred to be unfavorable to the possessor, *provided the opponent, when the identity of the document is disputed, first introduces some evidence tending to show that the document actually destroyed or withheld is the one as to whose contents it is desired to draw an inference.* 2 Wigmore, *Evidence in Trials at Common Law* § 291, at 228 (emphasis in original).

12. The evidence submitted by the Defendants is glaring in the absence of documents submitted. The Defendants fail to summit their receipts of sales to allow the Plaintiffs to confirm said summaries of monthly sales which are entirely unsupported by any supporting documents. Furthermore, the Defendants' affidavits are unchallenged testimony that the Plaintiffs have not had the opportunity to cross-examine at trial.

13. Furthermore, the supposed business records of the hours worked by the Plaintiff Yang Li are entirely inadequate as they limited to three months of her employment and lack any information on when she began and finished work. Furthermore, when compared the 2010 Federal Tax Returns of the Defendant Lucky Grand Hunan Restaurant Inc., the supposed business records that the Defendants maintained were inconsistent with the income reported to the United States Internal Review Service. The Defendants have provided handwritten timesheets stating that they paid the Plaintiff Yang Li total wages of **$2,320 with a net pay of $2,142**, while the Defendants have also provided submitted tax returns of the business Lucky Grand Hunan Chinese Restaurant for 2010 stating that they paid the Plaintiff Yang Li **$1,160**. The Defendant Ya Yi Cheng verified these

inconsistent documents as true. Furthermore, the Defendants have asserted that there is no further relevant document available.

14. The standard for "[s]ummary judgment is appropriate only if, construing the evidence in the light most favorable to the non-moving party, no genuine issue of material fact remains to be resolved by a jury." *Kronisch v. US*, 150 F.3d 112 (2nd Circuit, 1998). Furthermore, circumstantial evidence is admissible in light of the possession of all documents by the Defendants. *Id.* at 130 ("The possibility that the jury would choose to draw such inference, ... , is enough to entitle plaintiff to a jury trial.").

15. Furthermore, the Plaintiff Yang Li has alleged that the Defendants earned significantly more income than they reported in their business records summaries and their income taxes, which are already revealed to have discrepancies.

16. In sum, construing the evidence in the most favorable way to the Plaintiffs, the Defendants have failed to meet their burden of proof that there is no genuine issue of material fact regarding the sales of the business.

## SUPPLEMENTAL JURISDICTION

17. The Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) for state claims that fall within the scope of the litigation brought with federal claims.

18. In the event that the Court finds the Plaintiffs' wage and overtime claims against the Defendants do not fall within the FLSA, the Court lacks jurisdiction to consider the baseless counterclaims of the Defendants

against the Plaintiffs. As the Defendants note, "[i]n general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2nd Cir. 1998).

19. The Defendants have requested that the Court consider their counterclaims against the Plaintiffs, which a review of record clearly shows that they have no documentary evidence of any sort that there was ever a partnership or any agreement between the Plaintiffs and Defendants, to be retained within the Court's jurisdiction.

20. However, the Defendants have made no effort to show that this Court would retain jurisdiction of the breach of contract counterclaims of the Defendants without the FLSA claims of the Plaintiffs to provide subject matter jurisdiction.

## CONCLUSION

The Defendants' Motion for Summary Judgment should be denied as there are triable issues of fact. However, in the event that the Plaintiffs FLSA claims are dismissed, the Court would not be able to exercise supplemental jurisdiction over the Defendants counterclaims, and the Defendants counterclaims should likewise be dismissed.

Dated: New York, NY
September 7, 2011

Respectfully submitted,

*/s/ Vincent S. Wong*
Vincent S. Wong, Esq.

UNITED STATES DISTRICT COURT
Eastern District of New York

-------------------------------------------------- :
Yang Li and Chun Zhou Li,                          :
                                                   :
                    *Plaintiffs*                   :
                                                   :    Civil Action No.
            v.                                     :
                                                   :    CV-10-4664
Ya Yi Cheng, Ping Yang, and Lucky Grand            :
Hunan Chinese Restaurant, Inc., operating          :
under the trade name "Lucky Grand Hunan            :    **AFFIDAVIT OF PLAINTIFF**
Chinese Restaurant"                                :    **YANG LI**
                                                   :
                    *Defendants*                   :
-------------------------------------------------- :

YANG LI, being duly sworn and deposed, says the following:

1. I am the Plaintiff in the above entitled caption.

2. I worked as a waitress at Lucky Grand Hunan Chinese Restaurant from January 2010 to June 2010 while my husband Chun Zhou Li worked as a chef in the kitchen.

3. I was promised a salary of $2,600 per month to work six days a week for twelve hours per day or seventy-two hours per week.

4. I left my employment in June 2010. I was not paid for the months of February, May, and June. The Defendant Ya Yi Cheng repeatedly promised to pay us when business improved but he never paid us our wages.

5. During my employment, it was the practice of the business Lucky Grand Hunan Chinese Restaurant to vastly underreport cash sales. The business would not keep the receipts for most customers paying in cash and most of the payments received in cash would not be kept.

6. The Defendant Yang Ping was the cashier of the business and she would not ring up large bills that were paid with cash. Instead, she would pocket the cash.

7. To the best of my knowledge, during the months that I was employed by the business Lucky Grand Hunan Chinese Restaurant, the restaurant earned two to three times more than the amounts stated in the Defendants.

8. I did not have access to all the sales earned by the business, but I was able to keep partial records of daily sales at the business. To the best of my knowledge, during the hours I worked, these are the amounts:

   (a) February 2010 - $27,443.66.

   (b) March 2010 - $37,684.42.

   (c) April 2010 - $27,404.43.

   (d) May 2010 - $31,294.43.

   (e) June (half month) - $12,611.94.

9. It was the regular practice of the business not to keep detailed records and I firmly believe that the business earned more money than I am aware of.

Dated: New York, NY
September 7, 2011

_____
YANG LI

Sworn to before me on the
Seventh of September 2011

_____
Notary Public

YA JUAN LIU
Notary Public, State of New York
No. 01LI6145968
Qualified in Queens County
Commission Expires May 15, 2014

UNITED STATES DISTRICT COURT
Eastern District of New York

---

Yang Li and Chun Zhou Li,

    *Plaintiffs*

v.

Ya Yi Cheng, Ping Yang, and Lucky Grand Hunan Chinese Restaurant, Inc., operating under the trade name "Lucky Grand Hunan Chinese Restaurant"

    *Defendants*

Civil Action No.

CV-10-4664

**CERTIFICATE OF SERVICE**

---

Vincent S. Wong, an attorney duly admitted to practice law in the courts of the State of New York, affirms the following to be true under penalties of perjury:

1. I affirm that I am over eighteen years of age, am not a party to this action and reside in Kings County, New York.

2. That on September 7, 2011, I served true copies of the within **Amended Opposition to the Defendants' Motion for Summary Judgment** by regular mail by depositing same in sealed envelopes with postage prepaid thereon, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York upon the following individuals at their last known addresses as indicated below:

    Chongyi Mao
    The Law Offices of Geng & Zhang PLLC
    3907 Prince Street, Suite 3E
    Flushing, NY 11354
    ***Attorneys for Plaintiff***

Dated: New York, New York
       September 7, 2011

                                    Vincent S. Wong

Law Offices of Vincent S. Wong
Vincent S. Wong
39 East Broadway, Suite 304
New York, NY 10002
T: (212) 349-6099
F: (212) 349-6599
*Attorneys for the Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
Eastern District of New York

---

Yang Li and Chun Zhou Li,

    *Plaintiffs*

v.

Ya Yi Cheng, Ping Yang, and Lucky Grand Hunan Chinese Restaurant, Inc., operating under the trade name "Lucky Grand Hunan Chinese Restaurant"

    *Defendants*

---

Civil Action No.

CV-10-4664

**AMENDED OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**AMENDED OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

By: _____
Vincent S. Wong, Esq.