UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**MEMORANDUM, ORDER, AND
JUDGMENT**

YANG LI and CHUN ZHOU LI,

                Plaintiffs,

    – against –

YA YI CHENG, PING YANG, and LUCKY
GRAND HUNAN CHINESE
RESTAURANT, INC., OPERATING UNDER
THE TRADE NAME "LUCKY GRAND
HUNAN CHINESE RESTAURANT,"

              Defendants.

10-CV-4664



**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ **MAR 2 3 2012** ★

**BROOKLYN OFFICE**

**Appearances:**

For the Plaintiffs:

        Vincent S. Wong
        Philip L. Sutter
        Law Offices of Vincent S. Wong
        New York, NY

For the Defendant:

        Todd L. Platek
        Fuqiang Zhang
        The Law Offices of Geng and Zheng PLLC
        Flushing, NY

**JACK B. WEINSTEIN, Senior United States District Judge:**

**Table of Contents**

1



I.     Introduction ................................................................................................ 2

II.    Facts .......................................................................................................... 3

III.   Applicable Law .......................................................................................... 5

       A.   Summary Judgment Standard ............................................................. 6

       B.   FLSA Claims ....................................................................................... 6

       C.   Supplemental Jurisdiction ................................................................... 7

IV.    Application of Law to Facts ........................................................................ 8

       A.   FLSA Claims ....................................................................................... 9

i.     Individual Coverage ................................................................................... 9

ii.    Enterprise Coverage ................................................................................ 10

       B.   Supplemental Jurisdiction ................................................................. 11

V.     Conclusion .............................................................................................. 12

**I.     Introduction**

Defendants Ya Yi Cheng, Ping Yang, and Lucky Grand Chinese Restaurant ("Defendants") move for summary judgment dismissing the Fair Labor Standards Act ("FLSA") claims of plaintiffs Yang Li and Chun Zhou Li ("Plaintiffs"). Defendants also request that the court decline to exercise supplemental jurisdiction over Plaintiffs' state-law claims. In the instant motion, Defendants contend (1) that their business—which Plaintiffs assert was their employer—is not subject to the strictures of the FLSA, because its annual income was less than $500,000; and (2) that Plaintiffs were not engaged in commerce within the meaning of the FLSA and that they therefore cannot take advantage of its protections. Defendants request (a) that Plaintiffs' FLSA claims be dismissed with prejudice; (b) that Plaintiffs' state-law claims be dismissed without prejudice since, Defendants contend, the court should decline to exercise supplemental jurisdiction after dismissing the federal claims; and (c) that the court adjudicate their state-law counterclaims or, alternatively, dismiss them without prejudice.

2

A hearing was held on the Defendants' motion in November 2011. Decision was reserved. The case was referred to the magistrate judge, who was requested to hold a hearing to determine the volume of business conducted by Defendants' restaurant. A full hearing was held by the magistrate judge in December 2011. Shortly thereafter, in early January 2012, the magistrate judge issued a Report and Recommendation, in which she concluded that the sales generated by the Defendants' business "during the eight-month period that it was in existence did not exceed $135,902.36." Report and Recommendation ("Report and Recommendation") 6, Li et al. v. Cheng et al., No 10-CV-4664 (E.D.N.Y. Jan. 6, 2012), CM/ECF No. 48. Plaintiffs have filed an objection to the Report and Recommendation. In it, they do not dispute the magistrate judge's factual finding that the Defendants' restaurant had less than $500,000 in annual sales, or her recommendation that summary judgment be granted to Defendants on the FLSA claims. Instead, they contend that the court "should exercise supplemental jurisdiction to consider the merits of the Plaintiffs' state claims." Plaintiffs' Objections to Magistrate's Report and Recommendations 5, Li et al. v. Cheng et al., No. 10-CV-4664 (E.D.N.Y. Jan. 23, 2012), CM/ECF No. 50.

For the reasons that follow, summary judgment is granted in favor of Defendants on Plaintiffs' FLSA claims, as recommended by the magistrate judge. The court will not exercise supplemental jurisdiction over the parties' state-law claims. *See* 28 U.S.C. § 1367. They are dismissed without prejudice.

## II.    Facts

The parties' description of the relevant facts differ substantially. Plaintiffs contend that they began employment at Defendants' restaurant in January 2010, where, they assert, they were

3

employed until June of that year. They assert that Yang Li was not paid for the first and last months of her employment, and that her husband was not paid at all. They state that they were fired in June 2010 when they requested to be paid. *See* Amended Opposition to Defendants' Motion for Summary Judgment ("Pls.' Mem.") ¶¶ 1-5.

At the December 2011 hearing before the magistrate judge, plaintiff Yang Li testified that she compiled a list of sales from invoices or receipts that she took from the restaurant; according to her calculations, the restaurant generated over $136,000 in sales between February 2010 and the first half of June 2010. *See* Report and Recommendation 4-5 & n.9. She also testified that her calculations did not include revenue generated by delivery sales. *See id.* at 5.

The Plaintiffs have not yet filed a 56.1 statement, although attached to their opposition to Defendants' motion for summary judgment is the affidavit of plaintiff Yang Li. In their opposition to Defendants' motion, they contend that summary judgment should not be granted on their FLSA claims because, they assert, "the Defendants have failed to provide proof of the absence of any genuine issues of material fact." Pls.' Mem. ¶ 10.

Defendants assert that they met with Plaintiffs in the fall of 2009 and agreed to open a restaurant in Brooklyn, splitting the initial $150,000 investment so that Plaintiffs would be responsible for a third and Defendants for two-thirds. Defendants' Statement of Material Facts Pursuant to Local Rule 56.1 ("Defs. 56.1 Stmt.") ¶¶ 2-3. According to Defendants, Plaintiffs only invested $15,000 of the promised $50,000; they claim that they agreed to provide the extra $35,000 after Plaintiffs consented to repay the funds with profits that they hoped to earn from the restaurant's operations. *Id.* ¶¶ 4-5.

4

The business was incorporated in November 2009. *Id.* ¶ 6. Defendants state that all four shareholders—Plaintiffs and the individual defendants—agreed to work without pay. *Id.* ¶ 7. Plaintiffs were allowed to live in a rental apartment above the restaurant, it being understood that they would pay back the rent out of their profits, if any. Despite a lack of business success, Defendants state, Plaintiffs demanded that they each be paid a salary; according to Defendants, plaintiff Yang Li eventually did receive a salary of $290 per week. *Id.* ¶¶ 6-9. Defendants state that the restaurant continued to run at a loss, and that in June 2010 Plaintiffs demanded to be allowed to abandon their interest in the restaurant while continuing to work as salaried employees, despite never having contributed the promised investment of $35,000. They refused to buy Plaintiffs' share in the restaurant. Ultimately, Plaintiffs moved out of the rental apartment located above the restaurant and never returned to work.

Defendants contend that the restaurant's gross revenues "never exceeded $136,000 per annum." *Id.* ¶ 16. They have submitted as evidence the affidavit of defendant Ya Yi Cheng, *see* Affidavit of Ya Yi Cheng in Support of Defendants' Motion for Summary Judgment, Li et al. v. Cheng et al., No 10-CV-4664 (E.D.N.Y. Mar. 25, 2011), CM/ECF No. 24 ("Cheng Aff."), to which is attached various exhibits, including the restaurant's 2009 and 2010 federal tax returns. Mr. Cheng testified to these facts before the magistrate judge in December 2011, and the magistrate judge chose to credit his testimony, rather than Ms. Li's. *See* Report and Recommendation 4-6.

## III.   Applicable Law

5

## A. Summary Judgment Standard

"Summary judgment is warranted only upon a showing by the movant that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Cordiano v. Metacon Gun Club, Inc.*, 575 F.3d 199, 204 (2d Cir. 2009) (internal quotation marks omitted). "In ruling on a motion for summary judgment, [a] district court may rely on any material that would be admissible or usable at trial." *Major League Baseball Props. v. Salvino*, 542 F.3d 290, 309 (2d Cir. 2008) (internal quotation marks omitted). "In order to defeat a properly supported summary judgment motion, the opposing party must proffer admissible evidence that sets forth specific facts showing a genuinely disputed factual issue that is material under the applicable legal principles. . . . A party opposing summary judgment does not show the existence of a genuine issue of fact to be tried merely by making assertions that are conclusory or based on speculation." *Id.* at 310 (internal quotation marks and citation omitted).

## B. FLSA Claims

"The FLSA requires that employers pay a premium or overtime wage of not less than one and one-half times the regular rate for hours worked in excess of forty hours in a single work-week if an employee either: 1) is engaged in commerce or in the production of goods for commerce, or 2) is employed in an enterprise engaged in commerce or in the production of goods for commerce." *Jacobs v. N.Y. Foundling Hosp.*, 577 F.3d 93, 96 (2d Cir. 2009) (per curiam) (internal quotation marks and emphasis omitted); *see* 29 U.S.C. § 207(a)(1). "The two categories are commonly referred to as 'individual' and 'enterprise' coverage, respectively." *Jacobs*, 577 F.3d at 96. The statute also provides that covered non-exempt workers engaged in commerce or in the production of goods for commerce, or who are employed by an enterprise

6

engaged in commerce or in the production of goods for commerce, are entitled to a federal minimum wage of not less than $7.25 per hour. *See* 29 U.S.C. § 206(a)(1)(C).

The FLSA defines "commerce" to mean "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b).

An "employee shall be deemed to have engaged in the production of goods if such employee was employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, or in any closely related process or occupation directly essential to the production thereof, in any State." 29 U.S.C. § 203(j).

"An entity constitutes an enterprise where 'the related activities performed (either through unified operation or common control) by any person or persons [are] for a common business purpose.'" *Rodriguez v. Almighty Cleaning*, 784 F. Supp. 2d 114, 121 (E.D.N.Y. 2011) (quoting 29 U.S.C. § 203(r)). An enterprise is "engaged in commerce or in the production of goods for commerce" if, *inter alia*, (1)(a) it "has employees engaged in commerce or in the production of goods for commerce," or (b) if it "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," *and* (2) its "annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)." 29 U.S.C. § 203(s)(1)(A)(i)-(ii).

### C. Supplemental Jurisdiction

This court's exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367. That statute provides in relevant part that:

7

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). Claims form part of the same case or controversy if they derive from a common nucleus of operative fact. *See, e.g., Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004).

The court may decline to exercise supplemental jurisdiction pursuant to § 1367(a) if the claim or claims raises a novel or complicated issue of state law, if the claim or claims substantially predominates over the claims over which the court had original jurisdiction, if the court dismisses all claims over which it has original jurisdiction, or if other exceptional circumstances counsel in favor of dismissal. *See* 28 U.S.C. § 1367(c).

In "the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the [supplemental] jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Id.* at 350 (footnote omitted).

## IV.    Application of Law to Facts

8

## A. FLSA Claims

Defendants contend that the FLSA is not applicable to the Plaintiffs or to Defendants' business, and that Plaintiffs' federal minimum-wage and maximum-hour claims should accordingly be dismissed. *See* Defendants' Memorandum of Law in Support of Motion for Summary Judgment Under FRCP Rule 56 ("Defs.' Mem.") 5-7, Li et al. v. Cheng et al., No 10-CV-4664 (E.D.N.Y. Mar. 25, 2011), CM/ECF No. 23.

### i. Individual Coverage

Defendants argue that Plaintiffs are not individually covered under the FLSA (1) because plaintiff Yang Li was not engaged in commerce or the production of goods for commerce; and (2) because plaintiff Chun Zhou Li was never employed by the restaurant. *See* Defs.' Mem. at 7. On the basis of the evidence presented, these contentions are overwhelmingly persuasive. With respect to Yang Li, Plaintiffs' complaint states that servers at the restaurant "typically serve food to customers eating on the premises of the Defendants' restaurant." Complaint ("Compl.") ¶ 23. The relevant evidence suggests that Plaintiffs never communicated with out-of-state businesses or customers. *See, e.g.*, Cheng Aff. ¶ 23. And the court need not decide whether Chun Zhou Li was an employee of Defendants under the FLSA, *see* 29 U.S.C. § 203(e); whether he was an employee or not, if he did not have any contact with out-of-state customers or businesses, he cannot be individually covered under the FLSA. Plaintiffs have put on no evidence to controvert Defendants' position on individual coverage.

In short, it seems likely that Yang Li and Chun Zhou Li were involved in the "production of goods," as the statute's definition of that phrase is capacious. *See* 29 U.S.C. § 203(j). It does not appear that they were involved in the production of goods for "commerce." *See* 29 U.S.C.

9

§ 203(b). They appear to have conceded that they were not. *See* Compl. ¶ 23 ("Plaintiffs held the position of 'server' while employed by the Defendants. Servers at Lucky Grand Hunan Chinese Restaurant typically serve food to customers eating on the premises of the Defendants' restaurant."). Defendants are thus correct that Plaintiffs are not individually covered under the FLSA.

### ii. Enterprise Coverage

On enterprise coverage, Defendants do not dispute that they are an "enterprise" pursuant to 29 U.S.C. § 203(r), but they contend that enterprise coverage does not apply because, they assert, (1) the goods handled by Defendants' employees did not move in interstate commerce, and (2) because the annual gross volume of sales made or business done by their restaurant did not equal or exceed $500,000. *See* Defs.' Mem. 5-6. The first point is facially unsound; the restaurant's purchase of rice and other ingredients seems enough to satisfy the first part of the statutory requirement for enterprise coverage, since to satisfy that requirement an enterprise need merely have employees engaged in commerce or have employees handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person. *See* 29 U.S.C. § 203(s)(1)(A)(i). Defendants' moving papers do not address the point directly; their Rule 56.1 statement merely notes that the restaurant "purchased all of its supplies from local New York City vendors." Defs. 56.1 Stmt. ¶ 19; *see* Cheng Aff. ¶¶ 20-22. But that argument fails to appreciate the fact that those supplies almost certainly crossed state lines before being purchased by Defendants. And that is enough to satisfy the first portion of the enterprise coverage requirement. *See* 29 U.S.C. § 203(s)(1)(A)(i); *Archie v. Grand Cent. P'Ship, Inc.*, 997 F. Supp. 504, 530 (S.D.N.Y. 1998) (noting that "local business activities fall within the reach of

the FLSA when an enterprise employs workers who handle goods or materials that have moved or been produced in interstate commerce.").

Defendants' second point is more substantial, and Plaintiffs have done nothing to dispute it—in fact, they conceded before the magistrate judge that the revenues of the Defendants' business did not exceed $500,000 annually, and do not object to the magistrate judge's conclusion on this point in the Report and Recommendation. Additionally, Cheng's affidavit states that the restaurant's "gross sales revenue never exceeded $136,000 per annum." Cheng Aff. ¶ 19. The restaurant's 2009 federal tax return states that the restaurant had gross receipts of $135,902; the 2010 return states that the restaurant had gross receipts of $0 with losses of nearly $50,000. *See* Exhibit E to Cheng Aff., pp. 72, 92. Plaintiffs' opposition to Defendants' summary judgment motion attacks the accuracy of these returns, *see* Pls.' Mem. ¶ 15, but they have offered no evidence to support this assertion, other than Ms. Li's testimony before the magistrate judge, which was rejected as being unworthy of credence.

In short, the evidence that the Defendants have put on to this point is overwhelming. Plaintiffs have done nothing to rebut it, and have instead relied on conclusory testimony and conclusory statements in their opposition. *See* Report and Recommendation 4-6; Pls.' Mem. ¶¶ 8, 10-15. No reasonable jury would credit Ms. Li's assertions in the face of the evidence presented by the Defendants. The fact that the restaurant's gross volume of sales did not approach $500,000 is fatal to Plaintiffs' enterprise-coverage theory. *See* 29 U.S.C. § 203(s)(1)(a)(ii).

Summary judgment is proper on Plaintiffs' FLSA claims.

**B. Supplemental Jurisdiction**

Since plaintiffs' federal-law claims have been dismissed, jurisdiction will not be exercised over pendent state-law claims. The parties have not yet expended substantial resources in this litigation, and the case is not nearly trial-ready.

The state-law claims of both Plaintiffs and Defendants are dismissed without prejudice.

## V.     Conclusion

For the reasons stated above, as recommended by the magistrate judge, summary judgment is granted against Plaintiffs on their FLSA claims, and those claims are dismissed with prejudice. As was recommended further, the remaining state-law claims of all parties are dismissed without prejudice.

The Defendants have conceded that all discovery materials obtained thus far in this case may be utilized by the parties in a state-court action, should the Plaintiffs bring one. Discovery is incomplete.

No costs or disbursements are granted.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date:   March 21, 2012
        Brooklyn, New York

12